**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4775**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

FREDDIE LINDSEY BADGER,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:06-cr-00173-1)

_____

Submitted: May 23, 2017                          Decided: May 25, 2017

_____

Before KING, AGEE, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

L. Thompson Price, TOM PRICE LAW, Charleston, West Virginia, for Appellant. Timothy Doyle Boggess, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Lindsey Badger appeals the district court's judgment revoking his supervised release and imposing a sentence of 18 months of imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning the reasonableness of Badger's sentence. We affirm.

A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). We review a district court's revocation decision for abuse of discretion. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Because Badger admitted the violations of which the district court found him guilty, we conclude that the court's revocation decision was not an abuse of discretion.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors. *See* 18 U.S.C. § 3583(e); *Thompson*, 595 F.3d at 546-47. We presume that a sentence imposed within the

2

Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

The district court's explanation of Badger's sentence, in pointing out Badger's repeated noncompliance with the terms of his supervised release, easily satisfies this standard. Furthermore, Badger's sentence of 18 months of imprisonment is below the Guidelines range and is therefore substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Badger, in writing, of the right to petition the Supreme Court of the United States for further review. If Badger requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Badger.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*